UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-22042-CIV-SEITZ
Case No. 09-20392-CR-SEITZ

LENIN ANGOMA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

### ORDER DENYING LEAVE TO FILE SUCCESSIVE HABEAS PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Lenin Angoma pled guilty to possession of cocaine with intent to distribute, waiving his right to appeal. As he acknowledged in his written plea agreement and again in court, the statutory maximum for these crimes was 40 years. Based on the determination that he was a career offender, he was sentenced to 180 months—a downward departure from the applicable guidelines range. He has already unsuccessfully challenged this sentence once, and now seeks leave to file a second habeas petition, specifically to challenge his career-offender designation.

Because his sentence was within the statutory maximum for his crimes, the Court lacks jurisdiction to hear his second petition. And because his claims are based on *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and *Descamps v. United States*, 133 S. Ct. 2276 (2013), which are respectively not retroactively applicable on collateral review and irrelevant to this case, he could not prevail even if this Court could reach his claim.

### A. BACKGROUND

Under the guidelines, a "career offender" must in relevant part have "two prior felony convictions of ... a controlled substance offense." U.S.S.G. § 4B1.1(a) (2014). A

"controlled substance offense" must in relevant part be for "the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b) (2014). Angoma has two prior convictions:

1) For "unlawful sale or delivery of cannabis" and "possession with intent to sell or deliver cocaine" in violation of Fla. Stat. § 893.13(1)(a), respectively third-degree and second-degree felonies, in Case No. 99-4441-A in the Eleventh Judicial Circuit in and for Dade County, Florida. [DE-9-8.]

2) For a violation of Fla. Stat. § 893.13(1)(a)(2), a third-degree felony, in Case No. F03-011226A in the Eleventh Judicial Circuit in and for Dade County, Florida. [DE-9-9; *see also* DE-118 (plea colloquy transcript).]

Angoma, through counsel, first challenged the career-offender designation in his objections to the Pre-sentence Investigation Report, prior to sentencing. The Court reviewed the judgments in both cases and the plea colloquy transcript in Case No. F03-011226A and determined that both qualified as "controlled substance offenses." [DE-9-12.] This resulted in a sentencing guidelines range starting at 188 months, from which the Court departed downward to impose a 180-month sentence. [DE-9-12 at 5, 23–26.]

Angoma did not appeal, as he had waived his right to do so. Instead, he filed a habeas petition on June 21, 2010, challenging both the lawfulness of his plea and the determination at sentencing that he was a career offender. [DE-1.] On July 25, 2011, this Court adopted Magistrate Judge White's Report, overruled his objections, and denied his petition. [DE-22.] The Court denied him a certificate of appealability, which the Eleventh Circuit affirmed. [DE-32, 33.]

On December 27, 2013, Angoma filed the instant motion, seeking leave to file a new habeas petition. [DE-34.] He argues that his career-offender designation was not charged in the indictment or submitted to a jury and proved beyond a reasonable

doubt, in violation of *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (all facts that increase a mandatory minimum sentence must be submitted to and found true by a jury). He subsequently moved to amend his motion to add an argument based on *Descamps v. United States*, 133 S. Ct. 2276 (2013) (the modified categorical approach for determining if prior convictions justify a sentencing enhancement does not apply to prior convictions for violating a statute with a "single, indivisible set of elements"). [DE-35].

## B. Discussion

Because Angoma has already unsuccessfully sought § 2255 review of the same sentence he challenges here, this Court lacks jurisdiction over any second petition unless he can invoke § 2255's "savings clause" by establishing that his earlier § 2255 remedy was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In the Eleventh Circuit, a federal prisoner can bring a second petition under the savings clause on the basis of an intervening change in the law only if he meets five requirements:

(1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, Eleventh Circuit precedent had specifically and squarely foreclosed the claim raised in the new petition;

(2) after the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent;

(3) that Supreme Court decision applies retroactively on collateral review;

(4) as a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and

(5) the savings clause of § 2255(e) reaches his claim.

See *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1257 (11th Cir. 2013); *see also Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014) (citing *Bryant*).

Angoma cannot satisfy these requirements. His *Descamps* claim fails the first two prongs because *Descamps* does not apply to this case at all, and so could not have overturned any circuit precedent that had foreclosed his claim. *Descamps* only applies to prior convictions based on statutes with a "single, indivisible set of elements." *Descamps*, 133 S. Ct. at 2282.[1] But Fla. Stat. § 893.13, the basis for both of Angoma's predicate convictions, is divisible: it does not allow a person to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." So under *Shepard v. United States*, 544 U.S. 13 (2005), a sentencing court can look at the plea agreement and certain other documents to determine which of those elements Angoma violated: namely, whether he pled guilty to sale, manufacture, delivery, or possession with intent. At sentencing, this Court did exactly that: it reviewed the plea colloquy in in Case No. F03-011226A in order to determine that he had pled guilty to sale. [DE-9-12 at 5:4–6:8.]

His *Alleyne* claim fails the third prong because "*Alleyne* does not apply retroactively on collateral review." *Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014). And his whole claim fails the fourth prong because, as he

---

[1] In determining whether a prior conviction constitutes a predicate offense for a sentencing enhancement under the Armed Career Criminal Act or the Sentencing Guidelines, sentencing courts can look only at the elements of the prior conviction, not the facts surrounding the conviction. *Taylor v. United States*, 495 U.S. 575 (1990). *Shepard v. United States*, 544 U.S. 13 (2005) created a narrow exception for convictions based on "divisible statutes," which prohibit many different activities set out in the alternative, such that a conviction for violating the statute would not clearly indicate which of those prohibited activities the defendant had committed. In such cases, *Shepard* authorized a "modified categorical approach," which allowed sentencing courts to consult a specified set of judicial documents in order to determine which of those elements the defendant had violated. *Descamps* clarified that *Shepard* did not authorize using those documents to conduct a freewheeling inquiry into the facts surrounding the conviction.

acknowledged in his written plea agreement and in his plea colloquy [DE-9-4 ¶¶ 4–5; DE-152 (09-cr-20392) 37:5–19], the statutory maximum sentence for the crimes he pled guilty of committing was 40 years. 21 U.S.C. § 841(b)(1)(B)(ii) (2014). His 180-month sentence is well within that 40-year statutory maximum.

### C. Certificate of Appealability

To obtain a certificate of appealability, Angoma must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented here are adequate to deserve encouragement to proceed further." *Jones v. Sec'y, Dep't of Corr.*, 607 F.3d 1346, 1349 (11th Cir. 2010). Angoma has made no such showing because his claim is squarely foreclosed under the *Bryant* test.

### D. Conclusion

Accordingly, it is hereby

ORDERED that

1) Angoma's motion for leave to amend his motion [DE-35] is GRANTED.

2) Angoma's motion for leave to file a new habeas petition [DE-34], as amended [DE-35], is DENIED.

3) A certificate of appealability is DENIED.

4) This case remains CLOSED. Any pending motions not otherwise ruled upon are DENIED AS MOOT.

DONE AND ORDERED in Miami, Florida, this 22nd day of October, 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE